UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 01-60576
Summary Calendar
_____

FRONTIER INSURANCE COMPANY,

Plaintiff - Counter Defendant - Appellee,

versus

TINA HAI PHAN, Etc.; ET AL.,

Defendants,

TINA HAI PHAN, doing business as
Vina Realty,

Defendant - Counter Claimant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:00-CV-297-BN)
_____

January 14, 2002

Before JOLLY, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

D.P.S., Ltd., Inc. (DPS) retained Appellee Tina Phan, a licensed Mississippi real estate broker, to assist it with the sale of a motel. DPS filed suit against Phan in state court, alleging that Phan sold the motel for $2.1 million, but told DPS it had sold for $1.9 million, and that she wrongfully retained the $200,000 difference. DPS asserted claims against Phan for breach of fiduciary duty, misrepresentation and concealment, breach of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

implied covenant of good faith, negligence, malpractice, fraud, outrage, and continuing misrepresentation and concealment.

Frontier Insurance Company, Phan's errors and omissions carrier, filed an action against Phan in federal district court.[**] Frontier sought a declaratory judgment that it has no liability for, and no duty to defend, Phan in the state court action filed by DPS, because its policies exclude coverage for intentional wrongful acts.

The district court denied Phan's motion to dismiss and granted Frontier's motion for judgment on the pleadings. It held that, although DPS asserted claims against Phan for negligence and other unintentional torts, the factual allegations of DPS' complaint, which control whether an insurer has a duty to defend, accused Phan only of intentional conduct, for which coverage under Frontier's policy was excluded.

On appeal, Phan contends that there are numerous factual allegations in DPS' complaint which trigger coverage under the Frontier policies. She contends further that, even if all of DPS' claims are not covered under the policies, Frontier nevertheless

---

[**]On December 3, 2001, Frontier filed a Suggestion of Rehabilitation of Insurer, advising that it was involved in rehabilitation proceedings in New York. The Rehabilitation Order provides that "[a]ll persons are enjoined and restrained from commencing or prosecuting any actions, lawsuits or proceedings against Frontier, or the Superintendent as Rehabilitator." Frontier did not, however, seek a stay of this appeal or assert that the Rehabilitation Order should have any effect on our disposition.

owes her a duty to defend the claims for negligence, malpractice, and breach of fiduciary duty. Alternatively, she argues that Frontier's declaratory judgment action should be stayed pending the outcome of the state court action. Finally, she contends that Frontier's motion for judgment on the pleadings was untimely and should have been denied on that basis alone.

We have reviewed the record and the briefs, and we discern no error in the district court's reasoning and conclusions. As the district court correctly held, under Mississippi law, it is the factual allegations of the complaint, and not the legal theories alleged, which control whether an insurer has a duty to defend or indemnify. See American Guarantee & Liability Ins. Co. v. 1906 Co., ___ F.3d ___, ___, 2001 WL 1413066, at *4 (5th Cir. Nov. 12, 2001) (applying Mississippi law); Equal Employment Opportunity Comm'n v. Southern Publ'g Co., 894 F.2d 785, 790-91 (5th Cir. 1990). Phan does not dispute that Frontier's policy excludes coverage for intentional acts. DPS alleged that Phan secretly took $200,000 in cash from the purchaser of the motel and concealed its existence from DPS, telling DPS that the motel sold for $1.9 million when the purchaser in fact paid $2.1 million. Although DPS asserted claims for negligence and other unintentional conduct, the facts alleged in its complaint, which control whether Frontier has a duty to indemnify or defend Phan, involve only intentional conduct. Therefore, the district court did not err by denying

3

Phan's motion to dismiss and by granting Frontier's motion for judgment on the pleadings.

The district court did not abuse its discretion by denying the stay requested by Phan. Because Frontier's duty is premised on the factual allegations of DPS' complaint against Phan, the state court's ultimate resolution of DPS' claims has no bearing on whether DPS has a duty to defend or indemnify Phan.

Finally, the district court did not abuse its discretion by denying Phan's motion to strike Frontier's motion for judgment on the pleadings. Although Frontier's motion was filed beyond the deadline established by the district court, the court concluded that denying the motion on the ground that it was untimely would waste the resources of both the court and the parties. Certainly it was within the district court's discretion to consider the motion, despite the fact that it was untimely.

For the foregoing reasons, the judgment of the district court is

A F F I R M E D.